## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| ASHLEY A. V., | Case No. 1:22-cv-00288-REP |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| vs. | **(Dkts. 1, 11)** |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | |
| Defendant. | |

Pending is Plaintiff's Complaint (Dkt. 1) and an accompanying Brief (Dkt. 11) appealing the Social Security Administration's final decision finding her not disabled and denying her claim for disability insurance benefits. *See* Pet. for Rev. (Dkt. 1). This action is brought pursuant to 42 U.S.C. § 405(g). Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

## ADMINISTRATIVE PROCEEDINGS

Plaintiff is a woman in her thirties who alleges disability primarily related to ongoing symptoms following her emergency hospitalization for bacterial meningitis. On September 11, 2019, Plaintiff filed an application for social security disability income ("SSDI") with an alleged onset date ("AOD") of February 1, 2019. AR[1] 63. The claim was denied initially on January 29, 2020, and on again on reconsideration on August 19, 2020. AR 101, 111. Plaintiff requested a hearing in front of an Administrative Law Judge ("ALJ"). AR 133. On May 26, 2021, the claim went to a telephonic hearing before ALJ Stephen Marchioro. AR 165-69. On August 5, 2021,

---

[1] Citations to "AR __" refer to the page cited in the administrative record.

**MEMORANDUM DECISION AND ORDER - 1**

the ALJ issued a decision that was unfavorable to Plaintiff.  AR 13-24.  Plaintiff appealed this

decision to the Appeals Council.  AR 1-8.  The Council denied Petitioner's request for review,

making the ALJ's decision the final decision of the Commissioner of Social Security.  *Id.*

Having exhausted his administrative remedies, Plaintiff filed this case.  Plaintiff raises

four points of error: (i) the ALJ improperly evaluated medical opinion evidence, (ii) the ALJ did

not provide clear and convincing reasons to discount Plaintiff's subjective symptom allegations,

(iii) the ALJ improperly rejected lay witness statements, and (iv) the ALJ's residual functioning

capacity ("RFC") assessment was not supported by substantial evidence.  Pln.'s Br. at 5 (Dkt.

11).

## STANDARD OF REVIEW

To be upheld, the Commissioner's decision must be supported by substantial evidence

and based on proper legal standards.  42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664 (9th

Cir. 2017).  Findings as to any question of fact, if supported by substantial evidence, are

conclusive.  42 U.S.C. § 405(g).  In other words, if there is substantial evidence to support the

ALJ's factual decisions, they must be upheld, even when there is conflicting evidence.  *See*

*Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Ludwig v.*

*Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The standard requires more than a scintilla but less

than a preponderance.  *Trevizo*, 871 F.3d at 674.  It "does not mean a large or considerable

amount of evidence."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the Court is to review the record as a whole to decide

whether it contains evidence that would allow a person of a reasonable mind to accept the

**MEMORANDUM DECISION AND ORDER - 2**

conclusions of the ALJ. *Richardson*, 402 U.S. at 401; *see also Ludwig*, 681 F.3d at 1051. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Treichler*, 775 F.3d at 1098. Where the evidence is susceptible to more than one rational interpretation, the reviewing court must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record. *Ludwig*, 681 F.3d at 1051. In such cases, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Batson v. Comm'r of Social Sec.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

The decision must be based on proper legal standards and will be reversed for legal error. *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015); *Treichler*, 775 F.3d at 1098. Considerable weight is given to the ALJ's construction of the Social Security Act. *See Vernoff v. Astrue*, 568 F.3d 1102, 1105 (9th Cir. 2009). However, this Court "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

## THE SEQUENTIAL PROCESS

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled in general (20 C.F.R. §§ 404.1520, 416.920) – or continues to be disabled (20 C.F.R. §§ 404.1594, 416.994) – within the meaning of the Social Security Act.

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). SGA is work activity that is both substantial and gainful. 20 C.F.R. §§ 404.1572, 416.972. "Substantial work activity" is work activity that involves doing significant physical or mental activities. 20 C.F.R. §§ 404.1572(a), 416.972(a). "Gainful work activity" is work that is usually done for pay

**MEMORANDUM DECISION AND ORDER - 3**

or profit, whether or not a profit is realized.  20 C.F.R. §§ 404.1572(b), 416.972(b).  If the claimant is engaged in SGA, disability benefits are denied regardless of his or her medical condition, age, education, and work experience.  20 C.F.R. §§ 404.1520(b), 416.920(b).  If the claimant is not engaged in SGA, the analysis proceeds to the second step.

The second step requires the ALJ to determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the duration requirement.  20 C.F.R. § 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  An impairment or combination of impairments is "severe" within the meaning of the Social Security Act if it significantly limits an individual's physical or mental ability to perform basic work activities.  20 C.F.R. §§ 404.1520(c), 416.920(c).  An impairment or combination of impairments is "not severe" if it does not significantly limit the claimant's physical or mental ability to do basic work activities.  20 C.F.R. §§ 404.1522, 416.922.  If the claimant does not have a severe medically determinable impairment or combination of impairments, disability benefits are denied.  20 C.F.R. §§ 404.1520(c), 416.920(c).

The third step requires the ALJ to determine the medical severity of any impairments; that is, whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the answer is yes, the claimant is considered disabled under the Social Security Act and benefits are awarded.  20 C.F.R. §§ 404.1520(d), 416.920(d).  If the claimant's impairments neither meet nor equal a listed impairment, the claim cannot be resolved at step three and the evaluation proceeds to step four.  20 C.F.R. §§ 404.1520(e), 416.920(e).

In the fourth step of the evaluation process, the ALJ decides whether the claimant's residual functional capacity ("RFC") is sufficient for the claimant to perform past relevant work.

**MEMORANDUM DECISION AND ORDER - 4**

20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. 20 C.F.R. §§ 404.1545, 416.945. An individual's past relevant work is work she performed within the last 15 years, or 15 years prior to the date that disability must be established, if the work was substantial gainful activity and lasted long enough for the claimant to learn to do the job. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965.

In the fifth and final step, if it has been established that a claimant can no longer perform past relevant work because of his impairments, the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1520(f), 416.920(f); *see also Garrison v. Colvin,* 759 F.3d 995, 1011 (9th Cir. 2014). If the claimant can do such other work, he is not disabled; if the claimant cannot do other work and meets the duration requirement, he is disabled.

## THE ALJ'S FINDINGS

The ALJ Found that Plaintiff had not engaged in SGA since the AOD of February 1, 2019, but that she had made a failed attempt at SGA by returning to her previous position as a nurse manager part-time before ceasing work in March 2020. AR 15. The ALJ found that Plaintiff suffered from a severe impairment of cerebrovascular accident due to bacterial meningitis. *Id.* However, the ALJ did not find that Plaintiff had an impairment or combination of impairments that met or equaled the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. AR 16. The ALJ determined that Plaintiff had the RFC to

> perform light work . . . except she can frequently climb ramps and stairs, crawl, and occasionally climb ladders, ropes, and scaffolds. She must avoid all unguarded moving mechanical parts (such as table saws, band saw[s] and exposed mechanical dears) and unprotected heights. The claimant can tolerate moderate

**MEMORANDUM DECISION AND ORDER - 5**

noise levels as per the SCO. She is precluded from a work environment that has exposure to flashing or strobe lights. The claimant is limited to work that consist[s] of no more that simple, routine, tasks. She is precluded from work that involves production rate pace or assembly line work.

AR 18.  Given this RFC, the ALJ found that Plaintiff could not perform her past relevant work, but that she could perform jobs available in significant numbers in the national economy.  AR 23.  Accordingly, the ALJ found Plaintiff not disabled.  AR 24.

## DISCUSSION

I.    The ALJ erred, in part, in evaluating medical opinion evidence.

Generally speaking, Plaintiff makes two arguments relating to this assignment of error: (i) the ALJ failed to explain how the non-treating medical opinion evidence was adequately supported or consistent with the record and (ii) the ALJ improperly discounted Plaintiff's treating physician evidence as inconsistent with the record.  Pln.'s Br. at 6-12.

An ALJ must "articulate . . . how persuasive" he finds "all of the medical opinions" in a claimant's case record.  20 C.F.R. § 404.1520c(b).  An ALJ may do so on a source-by-source basis, considering multiple opinions offered by the same medical source in a single analysis.  20 C.F.R. § 404.1520c(b)(1).  The Regulations provide a variety of factors for an ALJ to consider when evaluating the persuasiveness of a medical source's opinion, including supportability, consistency, the source's relationship with the claimant, and any source specialization.  20 C.F.R. § 404.1520c(c).  Of these factors, supportability and consistency are the most important.  20 C.F.R. § 404.1520c(b)(2).  Accordingly, while an ALJ need not explain how he considered most of the above factors, he must "explain how [he] considered the supportability and consistency factors for a medical source's medical opinions."  *Id.*

The factor of supportability looks to the bases for a medical opinion, evaluating persuasiveness as a function of the relevancy of "the objective medical evidence and supporting

**MEMORANDUM DECISION AND ORDER - 6**

explanations presented by a medical source . . . to support his or her medical opinion(s)."  20 C.F.R. § 416.920c(c)(1).  The factor of consistency, on the other hand, measures persuasiveness in terms of the medical opinion's congruence "with the evidence from other medical sources and nonmedical sources in the claim."  20 C.F.R. § 416.920c(c)(2).  "An ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence."  *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

   a.  *The ALJ erred in evaluating Dr. Cusack's and Dr. Coolidge's medical opinions.*

   Here, the ALJ did not properly analyze the persuasiveness of the state agency medical consultants' opinions because the ALJ did not discuss the supportability factor.  For those sources, the ALJ merely noted that he found the source "persuasive and supported by the record.[2]"  AR 22.  However, the Court's analysis does not hinge on whether the ALJ used the magic words "consistency" and "supportability," but whether the ALJ actually analyzed those factors in evaluating the state agency medical consultants' opinions.  That is, did the ALJ look to see if those opinions were internally supported by the evidence cited and the explanations provided, and externally consistent with the evidence on the record?

   A close review of the ALJ's analysis shows that the ALJ only considered whether the State agency medical consultants' opinions were consistent with the record but did not address the supportability factor.  The ALJ's decision describes the consultants' ultimate opinion – that Plaintiff is "capable of working at the light exertional level" – and lists evidence from the record that supports that conclusion.  *See* AR 22-23.  However, the ALJ does not reference what

---

[2] Counterintuitively, based on the definitions of "supportability" and "consistency" in 20 C.F.R. § 1520c, this statement touches on the "consistency" factor – that is, whether the opinions were externally supported by available evidence on the record.

**MEMORANDUM DECISION AND ORDER - 7**

evidence the state agency medical consultants relied on in reaching their conclusions, or how the consultants explained those conclusions.  To be sure, the evidence relied on by the consultants could have considerable overlap with the evidence cited by the ALJ as being consistent with their opinions.  Notwithstanding, this Court is bound to review only the reasoning the ALJ places on the record and is not permitted to speculate as to what the ALJ's reasoning may have been based on other evidence available in the record.  *Bray v. Comm'r Soc. Sec.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.").  Without any reasoning in the decision explaining how the ALJ found the consultants' opinions persuasive in light of the evidence they cited and their explanations, the Court concludes that ALJ erred because he did not discuss the supportability factor.  20 C.F.R. § 1520c(b)(2) ("[W]e will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision.").

b. *The ALJ properly analyzed Dr. King's medical opinion.*

As with Dr. Cusack and Dr. Coolidge, the ALJ did not explicitly state that he considered the supportability factor with respect to Dr. King's medical opinions.  AR 21-22.  Instead, the ALJ merely noted that he did not find Dr. King's opinion "persuasive or supported by the record."  AR 22.  However, unlike the ALJ's analysis of the state agency medical consultants' opinions, the ALJ's analysis of Dr. King's opinion demonstrates that he considered both the supportability of Dr. King's opinion, and whether that opinion was consistent with the other evidence on the record.

**MEMORANDUM DECISION AND ORDER - 8**

Dr. King opined that Plaintiff could work only two hours a day in thirty-minute increments, would miss around four days of work per month, remained "profoundly fatigued with even minimal exertion," and suffered continuing "issues with her cognitive function." AR 2654. The ALJ found that Dr. King's own treatment records, which showed that Plaintiff reported "exhausting herself" throughout the day to fall asleep and engaging in a variety of physical activities including weightlifting, yoga, and the occasional high intensity interval training ("HIIT") workout, belied her opinion. AR 22; AR 2209. Further, Dr. King's physical, neurological, and psychiatric exams of Plaintiff were all unremarkable. AR. 22; AR. 2210-11. This analysis clearly addresses the supportability factor as the ALJ examined Dr. King's medical opinion in light of her own treatment notes and found her opinion to be unpersuasive based on that evidence.

Next, the ALJ also properly addressed the consistency factor. The ALJ pointed out that, contrary to Dr. King's opinion that Plaintiff could not work more than two hours in a day, Plaintiff testified to driving her children to school, forty-five minutes each way, every day of the week. AR 22; AR 40. Plaintiff also testified to caring for her two children outside of school, as well as doing a variety of physical activities throughout the day. AR 22; AR 43-44. Thus, Dr. King's opinion was inconsistent with Plaintiff's own testimony because childcare and driving alone would amount to more than two hours of work in a day. AR 22. Moreover, the ALJ found Dr. King's opinion evidence to be inconsistent with other medical evidence. AR 22. Significantly, the ALJ noted that neuropsychological testing done by Dr. Black in 2019 revealed "no areas of objective impairment." *Id.*; AR 1256-57. In sum, the ALJ properly analyzed both the supportability and consistency factors in assessing the persuasiveness of Dr. King's opinion.

**MEMORANDUM DECISION AND ORDER - 9**

Nonetheless, Plaintiff offers a variety of evidence from Dr. King's treatment records which she contends undercuts the ALJ's finding.  She argues that her treatment records continued to show chronic fatigue and headaches until at least April of 2021 and the ALJ merely cherry-picked evidence unfavorable to her.  Pln.'s Br. at 8-11.  Undoubtedly the record shows that Plaintiff continued to struggle with symptoms related to her bacterial meningitis for years after her hospitalization.  *See, e.g.*, AR 1415, 2155, 2588, 2641.  Even so, the record also demonstrates improvement in Plaintiff's symptoms over the years, a topic thoroughly discussed by the ALJ in his decision.  *See* AR 20-21; *see also infra* (discussing the ALJ's findings on Plaintiff's gradual improvement).  This Court's role in reviewing the ALJ's decision is not to reweigh the evidence, it is to consider whether the decision is supported by substantial evidence on the record as a whole.  *Brand v. Kijakazi*, 575 F. Supp. 3d 1265, 1268 (D. Nev. 2021).  Here, the ALJ's interpretation of Dr. King's medical opinion may not be the only reasonable interpretation implicated by the record, but it is supported by substantial evidence and the Court will not second-guess it.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

II.     The ALJ erred, in part, in rejecting Plaintiff's testimony.

Similar to her arguments on the ALJ's evaluation of Dr. King's medical opinion evidence, Plaintiff argues that the ALJ improperly rejected her subjective symptom testimony because he relied on isolated statements of improvement divorced from its context in the record as a whole.  Pln.'s Br. at 12-16.

Where the record contains objective medical evidence "establishing that the claimant suffers from an impairment that could reasonably produce the symptoms of which [s]he complains" and there has not been an affirmative finding of malingering, a claimant's subjective

**MEMORANDUM DECISION AND ORDER - 10**

symptom testimony may only be rejected for clear and convincing reasons.  *Carmickle v. Comm'r Soc. Sec.*, 533 F.3d 1155, 1160 (9th Cir. 2008).  Here, the ALJ found that Plaintiff's medically determinable impairments could be reasonably expected to produce her symptoms, and that Plaintiff was not malingering.  AR 19.  Accordingly, the Court only analyzes whether the ALJ offered clear and convincing reasons to discount Plaintiff's symptom testimony.

The ALJ rejected Plaintiff's symptom testimony for three reasons: (i) the medical evidence of her improvement over time was inconsistent with her symptom testimony, (ii) her daily activities were inconsistent with her symptom testimony, and (iii) she testified that "she felt she is at 95% of her prior ability."  AR 19-21.

With respect to the ALJ's first basis for rejecting Plaintiff's testimony, evidence of successful treatment and gradual improvement in symptoms is a proper basis for discounting a claimant's testimony.  *See Christina M. v. Soc. Sec. Admin.*, Case No. 1:20-cv-01022-AR, 2022 WL 16782679, at *4 (D. Or. Nov. 8, 2022).  However, while an ALJ may properly discredit a claimant's testimony by "charting a course of improvement" in their symptoms, an ALJ may not "single[] out a few periods of temporary well-being from a sustained period of impairment." *Garrison v. Colvin*, 759 F.3d 995, 1018 (9th Cir. 2014).

Here, the ALJ charted a clear course of improvement of Plaintiff's symptoms over more than a two-year span.  Beginning with Plaintiff's follow-up visit with her neurosurgeon six-weeks after her ventriculostomy and concluding with progress notes from Plaintiff's primary care provider in November 2020 and April 2021, the ALJ documented numerous instances of Plaintiff's improving symptoms.  AR 20-22; *see also* AR 561, AR 606-07; AR 1052; AR 1356-57; AR 2144; AR 2180; AR 2205-11.  Far from cherry-picking isolated instances of improvement, the record as a whole shows that Plaintiff's symptoms gradually improved with

**MEMORANDUM DECISION AND ORDER - 11**

treatment.  Indeed, Plaintiff self-reported in November 2020 that she had "more good days than

bad." AR 2205.  Further, the ALJ did not ignore Plaintiff's continuing neurological symptoms,

acknowledging records that showed Plaintiff experienced "ongoing . . . cognitive fatigue" in

September of 2020 and other records that showed Plaintiff struggled with sleep in November

2020.  AR 20-21; AR 2180; AR 2209.  However, the ALJ contrasted this evidence with evidence

showing that neuropsychological testing in 2019 showed "no areas of objective impairment,"

Plaintiff was discharged from occupational and physical therapy, and that Plaintiff reported

working out, walking thirty to forty-five minutes, lifting weights, and doing yoga.  AR 1400; AR

2158; AR 2532-33.

      In short, this case does not resemble other cases in which an ALJ cherry-picked instances

of improvement out of a record that otherwise showed continuing and unabated symptoms.  *See*

*Garrison*, 759 F.3d at 1018.  To the extent Plaintiff requests that this Court revaluate evidence on

the record and reach a different conclusion than the ALJ, it will not do so.  *Rollins*, 261 F.3d at

857.  Accordingly, the Court concludes that the ALJ articulated a sufficiently clear and

convincing reason to reject Plaintiff's testimony based on her improving symptoms over time.

      Nor did the ALJ err in its second basis for discrediting Plaintiff's testimony—that her

daily activities were inconsistent with her symptom testimony.  An ALJ may rely on a claimant's

daily activities in rejecting symptom testimony if the claimant's reported activities are either (i)

transferable to work or (ii) inconsistent with the alleged symptoms.  *Fair v. Bowen*, 885 F.2d

597, 603 (9th Cir. 1989).  The ALJ noted three activities which diminished the credibility of

Plaintiff's symptom allegations: (i) Plaintiff cared for her two children, including driving them

forty-five minutes each way to school every day; (ii) Plaintiff participated in a variety of

exercises such as weight training, HIIT workouts, thirty to forty-five minutes of walking, and

**MEMORANDUM DECISION AND ORDER - 12**

yoga; and (iii) Plaintiff participated in a gradual return to work schedule at her former position totaling around thirty to thirty-five hours of work per week. AR 21. These are all permissible activities to consider in rejecting a Plaintiff's symptom allegations. *See Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (a claimant's "ability to fix meals, do laundry, work in the yard, and occasionally care for his friend's child served as evidence of [an] ability to work"); *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) ("An ALJ may consider any work activity, including part-time work, in determining whether a claimant is disabled."). And, to the extent that Plaintiff qualified her testimony on these activities, and ALJ is not required to credit all the caveats a claimant may place on those activities if her testimony has been properly discounted. *Smartt v. Kijakazi*, 53 F.4th 489, 500 n.3 (9th Cir. 2022).

Yet, the third basis articulated by the ALJ is inappropriate because it is based on a misunderstanding of the record. The ALJ's decision states multiple times that Plaintiff "testified" that she was at 95% of her former ability. *See* AR 21. However, a thorough review of the hearing transcript reveals no such testimony. *See* AR 34-60. No doubt, progress notes from Plaintiff's physical therapist dated August 11, 2020, indicate that Plaintiff "report[ed] mild fatigue and balance deficits; is 95% back to baseline." AR 2158. Yet, when questioned about these notes at the hearing, Plaintiff did not recall telling her physical therapist that she was 95% back to her baseline and specifically stated that those notes were incorrect. AR 44-45. While the ALJ could properly use the physical therapy notes to discredit Plaintiff's testimony, he erred in attributing to Plaintiff testimony that she never delivered. This error is not harmless, either, as the ALJ appears to have strongly relied on this misattributed testimony in concluding that Plaintiff's subjective symptom testimony was not credible. *See* AR 21. Indeed, the Court cannot confidently say that the same result would have been reached without the error. *Marsh v. Colvin*,

**MEMORANDUM DECISION AND ORDER - 13**

792 F.3d 1170, 1173 (9th Cir. 2015) (explaining that an error is harmless if the Court can

"confidently conclude that no reasonable ALJ . . . could have reached a different disability

determination" even if the error had not occurred).  Consequently, even though the Court finds

that part of the ALJ's reasoning in discounting Plaintiff's subjective symptom testimony was

proper, it cannot separate that reasoning from the ALJ's reliance on testimony that does not exist.

III.    Lay witness testimony and the ALJ's RFC determination

Because the ALJ has the discretion to enter new findings regarding lay witness evidence,

and Plaintiff's RFC on remand, the Court does not address Plaintiff's challenge to these portions

of the ALJ's decision.

IV.    The Remedy

When an ALJ's denial of benefits is not supported by the record, district courts have

discretion under 42 U.S.C. § 405(g) to remand for further proceedings or for an award of

benefits.  *Treichler v. Comm'r of SSA*, 775 F.3d 1090, 1099 (9th Cir. 2014).  The proper course

turns on the utility of further proceedings.  A remand for an award of benefits is appropriate

when no useful purpose would be served by further administrative proceedings and when the

record has been fully developed and the evidence is insufficient to support the Commissioner's

decision.  *Id.* at 1100.  In most cases, however, remand for additional investigation or

explanation is preferred.  *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012).  Such remands

allow for the ALJ to resolve any outstanding issues in the first instance.

In this case, it remains uncertain whether the ALJ would be required to award Plaintiff

benefits if the errors in evaluating the state agency medical consultants' opinions and

discrediting Plaintiff's subjective symptom testimony are corrected.  The ALJ's finding that the

state agency medical consultants' opinions are persuasive is not inherently unreasonable, it is

**MEMORANDUM DECISION AND ORDER - 14**

only inadequately explained. Further, as explained above, the ALJ erred in attributing to Plaintiff testimony that she did not deliver but would not necessarily err in finding that Plaintiff's testimony is inconsistent with her medical records. The Court will, therefore, reverse and remand for further proceedings under the ordinary remand rule. On remand, the ALJ is directed to assess the persuasiveness of the state agency medical consultants' opinions using both the supportability and consistency factors required by 20 C.F.R. § 1520c(b)(2), reevaluate the credibility of Plaintiff's subjective symptom testimony, reevaluate the persuasiveness of lay witness testimony in light of the above, and make a new RFC determination.

DATED: May 22, 2023

Raymond E. Patricco
Chief U.S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 15**